ANSTEAD, Judge,
dissenting:
I believe the trial court erred in denying the appellant’s motion for a continuance. The appellant and Rubin John Lopez were charged with burglary. Lopez pleaded guilty and was sentenced to ten years imprisonment. Appellant claimed Lopez was solely responsible for the burglary and that he, appellant, was along to assist Lopez only because Lopez told him he was picking up a television set from a friend’s apartment. Appellant filed a motion to compel the state to deliver Lopez from prison to court so he could be called as a witness on behalf of appellant. The motion was granted and the state was ordered to produce Lopez at trial. Appellant also filed a motion for speedy trial which was granted the day after the state was ordered to produce Lopez. The court directed that trial commence five days later, on April 19, 1977. The day before trial appellant moved for a continuance on the grounds that the state had informed him that due to transportation problems, Lopez could not be produced from prison in time for trial. This was confirmed by the state. The trial court refused to grant a continuance on the basis that appellant had waived his right to have Lopez appear by moving for a speedy trial thereby representing that he was “absolutely ready” to commence trial. Appellant contended that he had a right to rely on the order granting his motion to produce Lopez in moving for speedy trial. I agree. Appellant, by subsequently moving for continuance, was waiving his right to speedy trial but he did not lose his right to have Lopez produced when his motion for speedy trial was granted after an order had been entered compelling the state to produce Lopez for trial. It is true that appellant’s version of the facts presented in his testimony at trial was contradicted by the state’s proof and rejected by the jury. However, this has no effect on his right to call witnesses in his own behalf, a right which was originally recognized by the court in granting the motion to produce Lopez.